## NICHOLAS QUATRANO *v.* G. ALBERT HILL, HIGHWAY COMMISSIONER

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 79820

Memorandum filed July 3, 1954.

*Vincent Villano,* of New Haven, for the plaintiff.

*Luke H. Stapleton,* of Cheshire, and *Martin E. Gormley,* of New Haven, for the defendant town of Cheshire.

*Gumbart, Corbin, Tyler & Cooper,* of New Haven, for the named defendant.

*Wiggin & Dana,* of New Haven, for the defendants Kurz.

KING, J. This was an action for damages for personal injuries claimed to have been sustained by the plaintiff as a result of a fall caused (as far as the defendant highway commissioner was concerned) by (1) a defective public sidewalk (General Statutes § 2201 [as amended, Cum. Sup. 1953, § 964c] and § 2242[d]), which (2) was so raised above the tree belt extending between the curbing and the sidewalk as to require a fence (§ 2125).

The first count ran against the defendant highway commissioner only, while succeeding counts ran against the town of Cheshire and the owners of the property in front of which the plaintiff claimed to

have fallen. The first count, however, claimed recovery on both statutory causes of action hereinbefore mentioned. The defendant highway commissioner (hereinafter referred to as the defendant) demurred to the first count on three grounds. For convenience, the grounds of demurrer will be taken up in inverse order.

The third ground of demurrer asserts that the complaint is insufficient (as far as the defective sidewalk statute is concerned) because it fails to allege that the sidewalk was constructed or reconstructed entirely from trunk-line funds. This is a prerequisite to the defendant's liability under § 2242 (d) for a defective condition of a sidewalk. *Schoenfeld* v. *Meriden,* 136 Conn. 346, 351. It follows that the third ground of the demurrer is sound.

The second ground of demurrer is based upon the claim that it appears that the plaintiff was walking on the sidewalk and not on the traveled portion of the highway. Because of the failure of the plaintiff to allege the facts necessary to impose upon the defendant liability for a defective sidewalk, as hereinbefore pointed out, this second ground of demurrer is also sound. General Statutes § 2242 (d); *Schoenfeld* v. *Meriden,* supra.

The first ground of demurrer is based on the claim that a cause of action is not alleged under § 2125 (creating liability for lack of a sufficient fence) because of a failure to allege that the sidewalk was "so made or raised above the adjoining ground as to be unsafe for travel."

Paragraph 6 of the complaint alleges that the sidewalk was "so made or raised above the level of the adjoining surface of the tree belt as to be unsafe for travel." This claim is reinforced by the allegations of paragraph 5 of the complaint. It cannot be said that evidence adequate to support a cause of

action against this attack of the demurrer might not be admissible within the purview of the allegations of the complaint.

It follows that this ground of demurrer is unsound and cannot be sustained.

The demurrer is sustained on grounds two and three and overruled on ground one.